UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
ANTHONY HOLDER,

                Plaintiff,

  -against-

STATEMENT AUTO SALES,

                Defendant.
----------------------------------------------------X

REPORT AND
RECOMMENDATION
19 CV 1159 (MKB)(RML)

LEVY, United States Magistrate Judge:

        By order dated August 29, 2019, the Honorable Margo K. Brodie, United States District Judge, referred the parties' cross-motions for summary judgment to me for report and recommendation. I heard oral argument on October 29, 2019. (See Transcript of Oral Argument, dated Oct. 29, 2019 ("Tr."), Dkt. No. 19.) For the reasons explained below, I respectfully recommend that defendant's motion be granted as to the claims brought under the Motor Vehicle Information and Cost Savings Act, 49 U.S.C. § 37201, *et seq*.; that plaintiff's motion be denied as to those same claims; that the court decline to exercise supplemental jurisdiction over the remaining state law claims; and that this case be dismissed.

## BACKGROUND AND FACTS

        Plaintiff Anthony Holder ("plaintiff") brought this action on February 27, 2019 pursuant to the Motor Vehicle Information and Cost Savings Act (the "Federal Odometer Act" or the "Act"), 49 U.S.C. § 37201, *et seq*. (See Complaint, dated Feb. 26, 2019 ("Compl."), Dkt. No. 1; Amended Complaint, dated Aug. 13, 2019 ("Am. Compl."), Dkt. No. 13-1.) He additionally brings a claim pursuant to New York General Business Law § 349, as well as claims for fraud and fraudulent misrepresentation under New York common law. (See id.)

The facts of this case are largely undisputed. On or about November 17, 2018, defendant Rent a Ruck Inc. d/b/a Statement Auto Sales ("defendant"), which operates a used car lot in Queens, New York, purchased a 2002 Honda CR-V with vehicle identification number JHLRD77472C036978 (the "Honda") from a garage in Vermont. (Defendant's Rule 56.1 Statement, dated July 31, 2019 ("Def.'s Rule 56.1 Statement"), Dkt. No. 12-9, ¶¶ 2-3; Declaration of Gina Lopez, sworn to July 31, 2019 ("Lopez Decl."), Dkt. No. 12-1, ¶¶ 3-4.)[1] The bill of sale indicated that its odometer reading was 206,001 miles. (Def.'s Rule 56.1 Statement ¶ 4; Lopez Decl. ¶ 6; Bill of Sale, annexed to Lopez Decl. as Ex. B.) Upon inspection of the Honda, defendant's mechanics discovered that its gasoline and temperature gauges were not functioning properly. (Def.'s Rule 56.1 Statement ¶ 6; Lopez Decl. ¶ 8.) The gasoline and temperature gauges in the Honda are part of an "instrument gauge cluster unit," which also includes the tachometer, speedometer, and odometer; therefore, they could not be repaired or replaced individually. (Def.'s Rule 56.1 Statement ¶¶ 7-8; Lopez Decl. ¶¶ 9-10.) Instead, the entire unit had to be replaced. (Def.'s Rule 56.1 Statement ¶ 8; Lopez Decl. ¶ 10.)

Defendant purchased a used instrument gauge cluster unit that was compatible with the Honda, and replaced the faulty unit with the one it had purchased. (Def.'s Rule 56.1 Statement ¶¶ 9-10; Lopez Decl. ¶¶ 11-12.) After replacing the instrument gauge cluster unit,

---

[1] While plaintiff has submitted a Rule 56.1 statement in support of his own motion for summary judgment, he did not submit a response to defendant's Rule 56.1 statement; therefore, the facts stated therein will be deemed undisputed. See Local Civ. R. 56.1(c) ("Each numbered paragraph in the statement of material facts . . . will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party."); see also T.Y. v. N.Y. City Dep't of Educ., 584 F.3d 412, 418 (2d Cir. 2009) ("A nonmoving party's failure to respond to a Rule 56.1 statement permits the court to conclude that the facts asserted in the statement are uncontested and admissible.") The court notes that defendant's facts largely align with those set forth in plaintiff's moving papers and supporting documents.

2

defendant did not reset the odometer to zero; nor did it affix a written notice to the left door frame of the Honda specifying the mileage before the replacement.  (Def.'s Rule 56.1 Statement ¶ 11; Lopez Decl. ¶ 12.)  Defendant claims it was unaware it was required to do so.  (See id.)  The odometer on the replacement instrument gauge cluster unit displayed 122,615 miles.  (Def.'s Rule 56.1 Statement ¶ 12; Lopez Decl. ¶ 13.)

On January 24, 2019, plaintiff purchased the Honda from defendant.  (Def.'s Rule 56.1 Statement ¶ 15; Lopez Decl. ¶ 16; Purchase Agreement, annexed Lopez Decl. as Ex. D.)  At the time of sale, plaintiff and defendant's manager, Gina Lopez, each signed a New York State Department of Motor Vehicles Certificate of Sale (the "Certificate of Sale"), which listed the odometer reading as 122,615.  (Def.'s Rule 56.1 Statement ¶¶ 16-17; Lopez Decl. ¶¶ 17-18; Certificate of Sale, annexed to Lopez Decl. as Ex. E.)  The Certificate of Sale additionally included a certification by defendant, placed directly below the odometer reading, which read "I certify that, to the best of my knowledge, this odometer reading is 'NOT THE ACTUAL MILEAGE. **WARNING: ODOMETER DISCREPANCY**.'"  (Def.'s Rule 56.1 Statement ¶ 18; Lopez Decl. ¶ 19; Certificate of Sale, Ex. E to Lopez Decl.) (emphasis in original).  After purchase, plaintiff began to experience difficulties with the operation of the Honda.  (Def.'s Rule 56.1 Statement ¶ 19; Lopez Decl. ¶ 20.)  He subsequently found a Vermont Department of Motor Vehicles Inspection Test Report Form dated February 16, 2018 inside of the Honda indicating that, at the time of the inspection, its odometer reading was 202,894 miles.  (Plaintiff's Rule 56.1 Statement, dated Aug. 21, 2019 ("Pl.'s Rule 56.1 Statement"), Dkt. No. 15-7, ¶ 4; Defendant's Response to Plaintiff's Rule 56.1 Statement, dated Sept. 13, 2019, Dkt. No. 16-2, ¶ 4; see also Vermont State Inspection Form, annexed to Compl. as Ex. B.)

3

## DISCUSSION

1. <u>Legal Standard</u>

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is material where it "might affect the outcome of the suit under the governing law" and a dispute is genuine where "the evidence is such that a reasonable jury could return a verdict for the non-moving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

The moving party carries the initial burden of showing that there is no genuine dispute of material fact. <u>Jaffer v. Hirji</u>, 887 F.3d 111, 114 (2d Cir. 2018). However, where the burden of proof at trial would fall on the non-moving party, the moving party may shift its initial burden by "point[ing] to a lack of evidence to go to the trier of fact on an essential element of the nonmovant's claim." <u>Simsbury-Avon Pres. Club, Inc. v. Metacon Gun Club, Inc.</u>, 575 F.3d 199, 204 (2d Cir. 2009); <u>see also</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). Once the moving party has satisfied its initial burden, the non-moving party must put forth specific facts showing that there is a genuine issue of material fact to be tried. <u>Gottlieb v. Cty. of Orange</u>, 84 F.3d 511, 518 (2d Cir. 1996). While the court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of [the non-moving party], conclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment." <u>Flores v. United States</u>, 885 F.3d 119, 122 (2d Cir. 2018) (citations and internal quotation marks omitted).

Where the parties make cross-motions for summary judgment, the standard is the same. <u>Madelaine Chocolate Novelties v. Great N. Ins. Co.</u>, 399 F. Supp. 3d 3, 8 (E.D.N.Y. 2019). "The district court must evaluate each party's motion on its own merits, taking care in

each instance to draw all reasonable inferences against the party whose motion is under consideration." Id. (quoting Marotta v. Road Carrier Local 707 Welfare Fund, 100 F. Supp. 2d 145, 155 (E.D.N.Y. 2000)). Even where both parties assert the absence of any genuine issue of material fact, the court need not enter judgment for either party. Lauria v. Heffernan, 607 F. Supp. 2d 403, 407 (E.D.N.Y. 2009) (citing Morales v. Quintel Entm't, Inc., 249 F.3d 115, 121 (2d Cir. 2001)).

   2. Federal Odometer Act Claims

Plaintiff brings claims under three provisions of the Federal Odometer Act: (i) the anti-tampering provision, 49 U.S.C. § 32703; (ii) the service, repair, and replacement provision, 49 U.S.C. § 32704; and (iii) the disclosure provision, 49 U.S.C. § 32705.[2] (See Compl.; Am. Compl.) The anti-tampering provision provides that a person may not "disconnect, reset, alter, or have disconnected, reset, or altered, an odometer of a motor vehicle intending to change the mileage registered by the odometer." 49 U.S.C. § 32703(2). The service, repair, and replacement provision provides that, where a person services, repairs, or replaces an odometer in a way that causes the mileage to change: "(1) the person shall adjust the odometer to read zero; and (2) the owner of the vehicle or agent of the owner shall attach a written notice to the left door frame of the vehicle specifying the mileage before the service, repair, or replacement and the date of the service, repair, or replacement." Id. § 32704(a). Finally, the disclosure provision requires a person transferring ownership of a motor vehicle to provide the transferee with written notice of the cumulative mileage registered on the odometer or, if the transferor knows that the

---

[2] Plaintiff's original complaint only included claims under 49 U.S.C. §§ 32703 and 32705. (See Compl.) Following defendant's motion for summary judgment, plaintiff moved to amend his complaint to add a claim under section 49 U.S.C. § 32704. (See Motion to Amend, dated Aug. 13, 2019, Dkt. No. 13.) I granted plaintiff's motion at oral argument. (See Tr. at 17:7-24.)

odometer reading is different from the vehicle's actual mileage, disclosure that the actual mileage is unknown. Id. § 32705(a)(1). It further provides that a transferor may not make a false statement in the course of making such disclosures. Id. § 32705(a)(2).

In order to recover damages under the Federal Odometer Act, a plaintiff must prove: (1) a violation of the Act; and (2) intent to defraud. Id. § 32710(a); see also Badu v. Allen, No. 14 CV 1230, 2015 WL 10458899, at *3 (E.D.N.Y. Oct. 26, 2015), report and recommendation adopted, 2016 WL 944142 (E.D.N.Y. Jan. 22, 2016); Enobakhare v. Carpoint, LLC, No. 08 CV 4798, 2011 WL 703920, at *6 (E.D.N.Y. Jan. 10, 2011), report and recommendation adopted, 2011 WL 704902 (E.D.N.Y. Feb. 16, 2011); Harris v. Jamaica Auto Repair, Inc., No. 03 CV 417, 2007 WL 4380280, at *3 (E.D.N.Y. Dec. 13, 2007). Intent to defraud can be based on actual intent, gross negligence, or recklessness. Enobakhare, 2011 WL 703920, at *7. "[I]n order to withstand a motion for summary judgment on such claims, plaintiff must present evidence from which a fact-finder could rationally conclude that [defendant] acted with the requisite intent." Harris v. Jamaica Auto Repair, Inc., No. 03 CV 417, 2009 WL 891920, at *1 (E.D.N.Y. Mar. 30, 2009).

Plaintiff argues that he need not show intent to defraud with respect to his claim under 49 U.S.C. § 32704(a). (See Memorandum of Law in Support of Plaintiff's Cross-Motion for Summary Judgment, dated Aug. 22, 2019 ("Pl.'s Mem."), Dkt. No. 15-8, at 6.) According to plaintiff, intent to defraud must be shown only with respect to subsection (b) of that provision, which provides that "[a] person may not, with intent to defraud, remove or alter a notice attached to a motor vehicle as required by this section." See id. (citing 49 U.S.C. § 32704(b)). Thus, he asserts that he is entitled to summary judgment on his claim under 49 U.S.C. § 32704(a) based on defendant's admission that it did not reset the odometer to zero or place a notice in the left

6

door frame of the Honda specifying the mileage prior to its replacement of the instrument gauge cluster unit.  (See id.; Def.'s Rule 56.1 Statement ¶ 11.)  Defendant argues that plaintiff's reading of 49 U.S.C. § 32704 is inconsistent with the plain language of 49 U.S.C. § 32710(a), the private right of action, which states "[a] person that violates this chapter . . . with intent to defraud, is liable for 3 times the actual damages or $10,000, whichever is greater."  (See Reply Memorandum of Law in Support of Defendant's Motion for Summary Judgment and in Opposition to Plaintiff's Cross-Motion for Summary Judgment, dated Sept. 13, 2019, Dkt. No. 16-3, at 1.)

In resolving questions of statutory interpretation, the court begins by looking at the plain meaning of the statutory text, which "can best be understood by looking to the statutory scheme as a whole and placing the particular provision within the context of that statute."  Louis Vuitton Malletier, S.A. v. LY USA, Inc., 676 F.3d 83, 108 (2d Cir. 2012) (quoting Saks v. Franklin Covey Co., 316 F.3d 337, 345 (2d Cir. 2003)).  The Federal Odometer Act provides for different methods of enforcement, both public and private, civil and criminal, monetary and injunctive.  See 49 U.S.C. §§ 32709, 32710; see also Ioffe v. Skokie Motor Sales, Inc., 414 F.3d 708, 714 (7th Cir. 2005) ("The Odometer Act creates a comprehensive enforcement scheme of which private civil liability is only one part.").  While the Act does not dictate an overarching intent requirement for government enforcement actions seeking civil penalties or injunctive relief, see 49 U.S.C. §§ 32709(a), 32709(c), 32709(d), criminal penalties are available only for "knowing[] and willful[]" violations, id. § 32709(b), and a private right of action is available only for violations committed "with intent to defraud," id. § 32710(a).  Thus, when viewed in the context of a private action for damages pursuant to 42 U.S.C. § 32710(a), plaintiff's reading of

7

49 U.S.C. § 32704 is untenable and I find as a matter of law that intent to defraud is an essential element of each of plaintiff's Federal Odometer Act claims.[3]

Plaintiff, however, has put forth no evidence from which a rational fact-finder could conclude that defendant acted with intent to defraud; nor has he controverted defendant's assertion that it affirmatively disclosed to him that the odometer reading was incorrect. Plaintiff argues that the court should infer an intent to defraud based on defendant's knowledge that the odometer reading was incorrect, combined with its failure to follow the letter of the Act. (See Pl.'s Mem.) This argument, however, is ultimately indistinguishable from the argument that liability may be imposed purely based on the occurrence of a violation. As discussed above, in the context of a private action for damages, liability attaches only for a violation committed *with intent to defraud*. 42 U.S.C. § 32710(a). Plaintiff has offered no independent evidence of such an intent. To the contrary, it is undisputed that, at the time of sale, plaintiff and defendant's manager each signed a Certificate of Sale, in which defendant warned plaintiff, in bolded capital letters, that the Honda's odometer reading was not its actual mileage.[4] (See Certificate of Sale,

---

[3] See also Locascio v. Imports Unlimited, Inc., 309 F. Supp. 2d 267, 270 (D. Conn. 2004) ("[Plaintiff] has shown that [defendant] committed a technical violation of the Odometer Act by failing to provide a copy of the certificate of title with the appropriate disclosure. The only question is whether she has shown that this was done with the intent to defraud."); Compton v. Altavista Motors, Inc., 121 F. Supp. 2d 932, 941 (W.D. Va. 2000) ("[E]ven if [plaintiff] can show that an Odometer Act violation occurred, she cannot avoid summary judgment unless she can provide evidence sufficient to show that [defendant] committed the violation with an intent to defraud.")

[4] Plaintiff, in a declaration submitted in support of his motion for summary judgment, appears to contest the validity of his signature on the Certificate of Sale. (See Declaration of Anthony Holder, filed Aug. 23, 2019, Dkt. No. 15-1, ¶¶ 17-22.) Notably, plaintiff did not submit a response to defendant's Rule 56.1 statement, in which defendant stated that he had signed the document, nor did he raise the issue in his own Rule 56.1 statement. (See Def.'s Rule 56.1 Statement ¶ 16; Pl.'s Rule 56.1 Statement). Defendant, moreover, submitted the declaration of its manager, Gina Lopez, stating that she personally observed him signing the document. (See

(Continued . . . )

Ex. E to Lopez Decl.) Courts have found similar disclosures, in the absence of any countervailing evidence of intent to defraud, sufficient to warrant summary judgment in a defendant's favor. See, e.g., KNR, Inc. v. Copart, Inc., No. 14 CV 818, 2016 WL 1182727, at *5 (N.D. Ohio Mar. 28, 2016) (granting summary judgment in favor of defendant where advertisement on defendant's website disclosed that the odometer reading was not the actual mileage). Therefore, I respectfully recommend that defendant's motion for summary judgment be granted, and plaintiff's denied, as to the Federal Odometer Act claims.[5]

3. State Law Claims

A district court may decline to exercise supplemental jurisdiction over state law claims once all the claims over which it has original jurisdiction have been dismissed. 28 U.S.C. § 1367(c)(3). Although, "[t]he exercise of supplemental jurisdiction is within the sound discretion of the district court," Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 117 (2d Cir. 2013), "the Second Circuit has repeatedly stated that if a plaintiff's federal claims are dismissed before trial, the state claims should be dismissed as well." Castagnozzi v. Phoenix Beverages, Inc., 208 F. Supp. 3d 461, 480 (E.D.N.Y. 2016) (internal quotation marks omitted) (quoting Brzak v. United Nations, 597 F.3d 107, 113-14 (2d Cir. 2010)). "This rule is consonant with the Supreme Court's observation that when 'all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial

---

Declaration of Gina Lopez, sworn to Sept. 12, 2019, Dkt. No. 16, at ¶ 8.) At oral argument, plaintiff's counsel clarified that the validity of the signature is not in dispute. (See Tr. at 15:18-16:23.)

[5] Defendant's motion with respect to plaintiff's claim under 49 U.S.C. § 32705(2) should additionally be granted, and plaintiff's motion denied, because it is undisputed that the Honda was more than ten years old at the time of sale. (See Def.'s Rule 56.1 Statement ¶ 3; Lopez Decl. ¶ 5; Pl.'s Mem. at 10.) Vehicles over ten years of age are exempted from the Federal Odometer Act's disclosure requirements. See 49 C.F.R. § 580.17.

9

economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.'" Id. (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)). Therefore, I respectfully recommend that the court decline to exercise supplemental jurisdiction over plaintiff's remaining state law claims.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that defendant's motion for summary judgment be granted as to the Federal Odometer Act claims, that plaintiff's motion for summary judgment be denied as to those same claims, that the court decline to exercise supplemental jurisdiction over the remaining state law claims, and that this action be dismissed. Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with courtesy copies to Judge Brodie and to my chambers, within fourteen (14) days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

Respectfully submitted,

/s/
ROBERT M. LEVY
Unites States Magistrate Judge

Dated: Brooklyn, New York
    February 18, 2020